IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLEACHER LEAGUE ENTERTAINMENT, INC.,<br><br>                                 Plaintiff,<br><br>         v.<br><br>WINVIEW, INC.,<br><br>                                 Defendant. | Case No.<br><br>Jury Trial Demanded |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Bleacher League Entertainment, Inc. ("Bleacher League Entertainment" or "Plaintiff"), by and through its undersigned counsel, files this Complaint against WinView, Inc ("WinView" or "Defendant") for patent infringement of United States Patent Nos. 7,909,332, and 8,092,306 (collectively, the "patents-in-suit" and attached as Exhibits 1 and 2 respectively) and allege as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

**THE PARTIES**

2. Plaintiff Bleacher League Entertainment, Inc. is a company organized and existing under the laws of the State of Pennsylvania, with a place of business located at 526 Spruce Avenue, Upper Darby, PA 19082.

3.      On information and belief, Defendant WinView, Inc. is a company organized and existing under the laws of the State of Delaware with a place of business located at 370 Convention Way, Suite 102, Redwood City, CA 94063.

4.      WinView may be served with process through its registered agent for service in Delaware: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

6.      On information and belief, WinView offers an interactive baseball-themed game that is played along with a live sporting event.

7.      On information and belief, WinView provides a system comprising a virtual game server and an app that connects to a server which receives the data regarding an ongoing game to record stats and outcomes on another device.

8.      WinView is subject to this Court's personal jurisdiction in accordance with due process and/or the Delaware Long Arm Statute because, in part and on information and belief, WinView transacts business in Delaware, contracts to supply services and things in Delaware, and has caused Plaintiff injury in Delaware. *See* Del. Code Ann. Tit. 3, § 3104.

9.      This Court has personal jurisdiction over WinView because WinView (directly and/or through its agents, subsidiaries, affiliates, or intermediaries) has committed and continues to commit acts of infringement in Delaware and this judicial district in violation of at least 35 U.S.C. § 271(a).

10.     This Court also has personal jurisdiction over WinView because WinView has sufficient minimum contacts with this forum as a result of business conducted within the State of Delaware and this judicial district. In particular, this Court has personal jurisdiction over WinView because, *inter alia*, WinView, on information and belief: (1) has substantial, continuous, and systematic contacts with this State and this judicial district; (2) enjoys substantial income from its operations and sales in this State and this judicial district; and (3) solicits business and markets products, systems and/or services in this State and this judicial district including, without limitation, related to the accused instrumentalities.

11.     WinView has purposefully availed itself of the privileges of conducting business within Delaware and this judicial district, has established sufficient minimum contacts with this judicial district such that it should reasonably and fairly anticipate being hauled into court in this judicial district, has purposefully directed activities at residents of this judicial district, and at least a portion of the patent infringement claims alleged in this Complaint arise out of or are related to one or more of the foregoing activities.

12.     Venue is proper in this judicial district pursuant to 28 U.S.C. § § 1391(b) and (c) and/or 1400(b). WinView is incorporated and registered to do business in Delaware, is deemed to be a resident of Delaware, and has committed acts of infringement in Delaware.

## THE PATENTS-IN-SUIT

### United States Patent No. 7,909,332

13.     On March 22, 2011, the USPTO duly and legally issued United States Patent No. 7,909,332 ("the '332 patent") entitled "Interactive Sports-Themed Game" to inventor John Root.

14.     The '332 patent is presumed valid under 35 U.S.C. § 282.

15.     Bleacher League Entertainment owns all rights, title and interest in the '332 patent.

16. On information and belief, Bleacher League Entertainment has not granted an approval, an authorization, or a license to the rights under the '332 patent.

17. The '332 patent notes that one of the purposes of the invention is to increase the fan's involvement in a live sporting event by providing each player an opportunity of becoming interactive with each play of a real game.

18. The present invention provides the advantage of keeping "fans in the seats or watching the game on television, since they are involved in every play of the real game." Additionally, the patent notes that unlike "typical 'fantasy' games that depend on the players of the fantasy game to select real players that perform well, the outcome of the game of the present invention is directly related to knowledge of the game, and is not dependent on good performance from a particular subset of athletes."

## United States Patent No. 8,092,306

19. On January 10, 2012, the USPTO duly and legally issued United States Patent No. 8,092,306 ("the '306 patent") entitled "Interactive Sports-Themed Game" to inventor John Root.

20. The '306 patent is presumed valid under 35 U.S.C. § 282.

21. The '306 patent is a divisional application from the '332 patent and shares a similar specification.

22. Bleacher League Entertainment owns all rights, title and interest in the '306 patent.

23. On information and belief, Bleacher League Entertainment has not granted an approval, an authorization, or a license to the rights under the '306 patent.

## CLAIMS FOR RELIEF

### Count I – Infringement of United States Patent No. 7,909,332

24. Bleacher League Entertainment repeats, re-alleges, and incorporates by reference, as if fully set forth here, the preceding paragraphs of this Complaint.

25. WinView directly infringes (literally and/or under the doctrine of equivalents) the '332 patent by using the method covered by at least claim 1 of the '332 patent.

26. On information and belief, WinView performs a method of providing "a scorekeeping user interface comprised of a writable medium, the scorekeeping user interface comprising an information area for recording scores for a home player and a visitor player, and an information area for recording innings and outs."




27.     On information and belief, WinView performs a method of providing "a printed list displaying a plurality of possible outcomes and an associated point value for each of the possible outcomes, for a play of the live sporting event…"



28.     On information and belief, WinView performs a method "wherein the printed list is disposed on the writable medium; wherein the plurality of possible outcomes is ranked

6

according to probability of occurrence during a live baseball game such that higher point values are associated with outcomes having a lower probability of occurrence; whereby a player is awarded the associated point value upon correctly predicting one of the possible outcomes on the printed list, and records the awarded points on the scorekeeping user interface."



29. On information and belief, WinView directly infringes at least claim 1 of the '332 patent, and is in violation of 35 U.S.C. § 271(a) by using and providing WinView.

30. WinView's direct infringement has damaged Bleacher League Entertainment and caused it to suffer and continue to suffer irreparable harm and damages.

**Count II – Infringement of United States Patent No. 8,092,306**

31. Bleacher League Entertainment repeats, re-alleges, and incorporates by reference, as if fully set forth here, the preceding paragraphs of this Complaint.

32. WinView directly infringes (literally and/or under the doctrine of equivalents) the '306 patent by using the method covered by at least claim 1 of the '306 patent.

33. On information and belief, WinView comprises "a computer system, the computer system configured to receive live game data via a communications network."



34. On information and belief, WinView comprises "a statistics database, the statistics database configured and disposed to communicate with the computer system."

35. On information and belief, WinView comprises "the computer system configured to execute instructions, that when executed, perform the steps of generating a list displaying a plurality of possible outcomes and associated point values for each of said outcomes."



36. On information and belief, WinView comprises "wherein the plurality of possible outcomes is ranked according to probability of occurrence during a live baseball game such that higher point values are associated with outcomes having a lower probability of occurrence."

37. On information and belief, WinView directly infringes at least claim 1 of the '306 patent, and is in violation of 35 U.S.C. § 271(a) by using and providing WinView.

38. WinView's direct infringement has damaged Bleacher League Entertainment and caused it to suffer and continue to suffer irreparable harm and damages.

**JURY DEMANDED**

39. Pursuant to Federal Rule of Civil Procedure 38(b), Bleacher League Entertainment hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

Bleacher League Entertainment respectfully requests this Court to enter judgment in Plaintiff's favor and against WinView as follows:

a. finding that WinView directly infringes, literally and/or under the doctrine of equivalents, one or more claims of each of the patents-in-suit;

b. awarding Bleacher League Entertainment damages under 35 U.S.C. § 284, or otherwise permitted by law, including supplemental damages for any continued post-verdict infringement;

c. awarding Bleacher League Entertainment pre-judgment and post-judgment interest on the damages award and costs;

d. awarding costs of this action (including all disbursements) and attorney fees pursuant to 35 U.S.C. § 285, or as otherwise permitted by the law; and

e. awarding such other costs and further relief that the Court determines to be just and equitable.

July 15, 2021

Of Counsel:

Ronald M. Daignault*#
Chandran B. Iyer*
Jason S. Charkow*#
DAIGNAULT IYER LLP
8618 Westwood Center Drive, Suite 150
Vienna, VA 22182
rdaignault@daignaultiyer.com
cbiyer@daignaultiyer.com
jcharkow@daignaultiyer.com

*Pro hac vice to be filed
#Not admitted in Virginia

Respectfully submitted,

/s/Stamatios Stamoulis
Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
STAMOULIS & WEINBLATT LLC
800 N. West Street – Third Floor
Wilmington, DE 19801
(302) 999-1540
stamoulis@swdelaw.com
weinblatt@swdelaw.com

*Attorneys for Plaintiff*
*Bleacher League Entertainment, Inc.*